IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
- EASTERN DIVISION -

RECEIVED

2006 APR 26  P 3: 33

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| LORETTA O. BURKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: CV |
| | ) | 3:06CV383-A |
| VANNA DUONG, doing business | ) | |
| as HUDDLE HOUSE OF | ) | |
| ROANOKE, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO PLAINTIFF'S COMPLAINT

**COMES NOW** the defendant, improperly identified in plaintiff's Complaint as Vanna Duong, d/b/a Huddle House of Roanoke, but more properly identified as Vanna's Food Management, Inc., d/b/a Huddle House, by and through the undersigned counsel of record, pursuant to the *Federal Rules of Civil Procedure* and for answer to the plaintiff's Complaint states as follows:

1.   Denied.

2.   Defendant does not have sufficient information to either admit or deny the allegations set forth in this paragraph, as such it is denied at this time.

## FIRST DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can

-1-

SCANNED

be granted.

## SECOND DEFENSE

The defendant avers that they are not guilty of the matters and things alleged in plaintiff's Complaint and demand strict proof thereof.

## THIRD DEFENSE

The defendant says the plaintiff was guilty of negligence on said occasion, and said negligence proximately contributed to cause her alleged injuries and damages.

## FOURTH DEFENSE

For that on the occasion complained of plaintiff assumed the risk of her injuries with knowledge of the dangers involved in the act that she was performing at the time of the said injuries.

## FIFTH DEFENSE

This defendant avers that the injuries and damages set forth by the plaintiff in this matter were caused by the superceding events and\or actions and\or intervening causes of other entities and/or individuals.

## SIXTH DEFENSE

Punitive damages may not be awarded in any civil action unless it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression or fraud, or acted with wantonness or malice with regard to the plaintiff.

## SEVENTH DEFENSE

Pursuant to Code of Alabama 1975, §6-11-21(a) punitive damages may not exceed three (3) times the compensatory damages or $500,000, whichever is greater.

## EIGHTH DEFENSE

Pursuant to Code of Alabama, 1975 §6-11-21(b)(c) punitive damages assessed against a small business whose net worth is less than $2,000,000 at the time of the occurrence made the basis of the lawsuit, may not exceed $50,000 or 10% of the net worth of the business, whichever is greater.

## NINTH DEFENSE

Pursuant to Code of Alabama, 1975 §6-11-21(e) no defendant shall be liable for any punitive damages unless the defendant has been expressly found by the trier of fact to have engaged in conduct as described in Code of Alabama, 1975 §6-11-20 warranting punitive damages, and such defendant shall only be liable for punitive damages commencerate with that defendants' own conduct.

## TENTH DEFENSE

Plaintiff's claim for punitive damages violates the defendant's constitutional rights under the Constitution of the United States of America and the Constitution of the State of Alabama.

## ELEVENTH DEFENSE

Said defendant avers that all of the plaintiff's medical expenses have been paid for by plaintiff's medical insurance carrier, or some other form of insurance, and plaintiff is not entitled to recover said medical expenses pursuant to Alabama Act 87-187.

## TWELFTH DEFENSE

Said defendant avers that some other responsible entity and/or insurance company may have provided benefits in the form of medical payments and other compensation to the plaintiff.

## THIRTEENTH DEFENSE

The defendant says that there existed a sudden emergency not of their own making and that such emergency was the proximate cause of this accident.

## FOURTEENTH DEFENSE

Defendant says that this accident was as a result of an efficient intervening cause.

## FIFTEENTH DEFENSE

That the plaintiff failed to mitigate damages.

## SIXTEENTH DEFENSE

The plaintiff's Complaint fails to allege a claim for which punitive damages

-4-

can be recovered.

## SEVENTEENTH DEFENSE

The claims of plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount that a jury may impose, would violate the defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## EIGHTEENTH DEFENSE

The claims of plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not

subject to judicial review on the basis of objective standards, would violate this defendant's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection and guarantee against double jeopardy.

## NINETEENTH DEFENSE

The claims of plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate the defendant's substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the due process provisions of the Alabama Constitution.

## TWENTIETH DEFENSE

Any award of punitive damages based on anything other than the defendant's conduct in connection with the matters that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guarantee against double jeopardy, because any other judgment

for punitive damages in this case cannot protect against impermissible multiple punishment for the same wrong.

## TWENTY-FIRST DEFENSE

Any award of punitive damages in this case would violate the defendant's rights under the substantive and procedural due process clauses of the United States Constitution and of the Constitution of the State of Alabama; the excessive fines clauses of the Eight Amendment of the United States Constitution; the contract clause of Article Two of the United States Constitution; the equal protection clauses of the United States Constitution and the Constitution of the State of Alabama.

## TWENTY-SECOND DEFENSE

The Alabama punitive damages system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. While the Supreme Court of the United States perceived the system as constitutional in *Pacific Mutual Life Insurance Co., v. Haslip*, 499 U.S. 1 (1991), events subsequent to *Haslip* have shown that the system in wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. See *Armstrong v. Roger's Outdoor Sports, Inc.*, 581 So. 2d 414, 423 (Ala. 1991) (Maddox J., dissenting); *Henderson v. Alabama Power Co.*, 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting); *Id*. at 914 (Houston, J., dissenting). The Alabama system affords juries

-7-

standardless discretion to impose unlimited punishment, and review of such awards is constitutionally deficient. See ***Honda Motor Co., Ltd. v. Oberg***, 114 S. Ct. 2331 (1994). Alabama post-verdict review is neither meaningful, consistent nor constitutionally adequate to cure this crucial constitutional defect.

**TWENTY-THIRD DEFENSE**

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards of limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express legislatively established range of penalties.

**TWENTY-FOURTH DEFENSE**

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and unconstitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to the defendant's alleged conduct in this matter or to any alleged harm to plaintiff, and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards

therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art. I §15.

### TWENTY-FIFTH DEFENSE

Without the protections previously provided §6-11-23(a) and 6-11-24, ***Code of Alabama*** regarding punitive damages awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

### TWENTY-SIXTH DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to this defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, §1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guidelines upon which to rely in calculating mental anguish damage awards.

### TWENTY-SEVENTH DEFENSE

The award of punitive damages claimed by plaintiff violates Article I, §10[1]

and/or the Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and Article I, §6, and other provisions of the Constitution of Alabama on the following separate and several grounds:

(a)     That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

(b)     That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c)     That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(d)     That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant.

(e)     That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

(f)     That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

-10-

(g)    That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

(h)    That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

(I)    That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

(j)    That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

(k)    That standards of conduct upon which punitive damages are awarded are vague.

(l)    That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

(m)    That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

(n)    That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

(o)    That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

## TWENTY-EIGHTH DEFENSE

The defendant avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at *Alabama Code* §6-11-21 (Repl. Vol 1993).

## TWENTY-NINTH DEFENSE

The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

## THIRTIETH DEFENSE

Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. See *Honda Motor Company, Ltd. v. Oberg*, 114 S. Ct. 2331 (1994).

## THIRTY-FIRST DEFENSE

To the extent that plaintiff's demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission against

the defendant, this award contravenes the defendant's right to Due Process under the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, §13 of the Alabama Constitution. In addition, such an award would infringe upon the defendants right against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article I, §9 of the Alabama Constitution.

## THIRTY-SECOND DEFENSE

With respect to the plaintiff's demand for punitive damages, the defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards as articulated in the decision of ***BMW North American, Inc., v. Gore***, 646 So. 2d 619 Ala. (1984), judgment vacated, ____ U.S. ____, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), on remand, WL 233910 (May 9, 1997).

## THIRTY-THIRD DEFENSE

The defendant contends that the plaintiff is not entitled to an award of punitive damages, and that an award of punitive damages against the defendant, on the facts of this case, would be contrary to the Constitution of the State of Alabama and the Constitution of the United States. Further, any award of punitive damages to the plaintiff is limited to the standards set out in ***BMW of North America, Inc., v. Gore***,

646 So. 2d 619 (Ala. 1984), judgment vacated, ___ U.S. ___, 116 S.Ct. 1589, 134

L. Ed. 2d 809 (1996), on remand, WL 233910 (May 9, 1997).

## THIRTY-FOURTH DEFENSE

The Alabama system and structure for punitive damage awards, together with

the claims for punitive damages sought by plaintiff in this lawsuit, constitute a

violation of the due process clause of the Constitution of the United States, under the

authority of ***BMW of North America, Inc., v. Gore***, 646 So.2d 619 (Ala.1984),

judgment vacated, ___ U.S. ___, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), on

remand, WL 233910(May 9, 1997).  The allegations made by plaintiff in this action,

and the plaintiff's claims for punitive damages generally, and under the Alabama

system specifically, constitute inadequate notice to the defendant so as to deprive

them of due process of law.

## THIRTY-FIFTH DEFENSE

Defendant avers that the 1993 decision of ***Henderson v. Alabama Power***

***Company***, 626 So.2d 878, declaring §6-11-21, ***Code of Alabama***, 1975

unconstitutional is not the law of the State of Alabama and the cap on punitive

damages in the amount of $250,000 contained in

that statute is the law of the State of Alabama.

## THIRTY-SIXTH DEFENSE

Said defendant reserves the right to amend and/or supplement its Answer should discovery reveal new or other available defenses.

## DEFENDANT DEMANDS A TRIAL BY STRUCK JURY

/s/Todd N. Hamilton
Todd N. Hamilton (HAM041)

/s/Robert B. Stewart
Robert B. Stewart (STE124)
Attorneys for Defendant, Vanna's Food
Management, Inc., d/b/a Huddle House

**OF COUNSEL:**

**SMITH, SPIRES & PEDDY, P.C.**
2015 Second Avenue North; Suite 200
Birmingham, Alabama 35203
(205) 251-5885
(205) 251-8642 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of April, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

S. Sanford Holliday
Post Office Box 727
Roanoke, Alabama 36274

/s/Robert B. Stewart
Of Counsel

-15-