IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
- EASTERN DIVISION -

| | |
|---|---|
| **LORETTA O. BURKS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.: 00383-WHA-CSC |
| | ) |
| **VANNA DUONG, doing business as HUDDLE HOUSE OF ROANOKE,** | ) |
| | ) |
|     **Defendants.** | ) |

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**COMES NOW** the defendant, Vanna's Food Management, Inc., d/b/a Huddle House, by and through the undersigned counsel of record, pursuant to the *Federal Rules of Civil Procedure* and for answer to the plaintiff's First Amended Complaint states as follows:

1. Denied.

2. Defendant does not have sufficient information to either admit or deny the allegations set forth in this paragraph, as such it is denied at this time.

## FIRST DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can

be granted.

## SECOND DEFENSE

The defendant avers that they are not guilty of the matters and things alleged in plaintiff's Complaint and demand strict proof thereof.

## THIRD DEFENSE

The defendant says the plaintiff was guilty of negligence on said occasion, and said negligence proximately contributed to cause her alleged injuries and damages.

## FOURTH DEFENSE

For that on the occasion complained of plaintiff assumed the risk of her injuries with knowledge of the dangers involved in the act that she was performing at the time of the said injuries.

## FIFTH DEFENSE

This defendant avers that the injuries and damages set forth by the plaintiff in this matter were caused by the superceding events and\or actions and\or intervening causes of other entities and/or individuals.

## SIXTH DEFENSE

Punitive damages may not be awarded in any civil action unless it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression or fraud, or acted with wantonness or malice with regard to the plaintiff.

## SEVENTH DEFENSE

Pursuant to Code of Alabama 1975, §6-11-21(a) punitive damages may not exceed three (3) times the compensatory damages or $500,000, whichever is greater.

## EIGHTH DEFENSE

Pursuant to Code of Alabama, 1975 §6-11-21(b)(c) punitive damages assessed against a small business whose net worth is less than $2,000,000 at the time of the occurrence made the basis of the lawsuit, may not exceed $50,000 or 10% of the net worth of the business, whichever is greater.

## NINTH DEFENSE

Pursuant to Code of Alabama, 1975 §6-11-21(e) no defendant shall be liable for any punitive damages unless the defendant has been expressly found by the trier of fact to have engaged in conduct as described in Code of Alabama, 1975 §6-11-20 warranting punitive damages, and such defendant shall only be liable for punitive damages commencerate with that defendants' own conduct.

## TENTH DEFENSE

Plaintiff's claim for punitive damages violates the defendant's constitutional rights under the Constitution of the United States of America and the Constitution of the State of Alabama.

### ELEVENTH DEFENSE

Said defendant avers that all of the plaintiff's medical expenses have been paid for by plaintiff's medical insurance carrier, or some other form of insurance, and plaintiff is not entitled to recover said medical expenses pursuant to Alabama Act 87-187.

### TWELFTH DEFENSE

Said defendant avers that some other responsible entity and/or insurance company may have provided benefits in the form of medical payments and other compensation to the plaintiff.

### THIRTEENTH DEFENSE

The defendant says that there existed a sudden emergency not of their own making and that such emergency was the proximate cause of this accident.

### FOURTEENTH DEFENSE

Defendant says that this accident was as a result of an efficient intervening cause.

### FIFTEENTH DEFENSE

That the plaintiff failed to mitigate damages.

### SIXTEENTH DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to this defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, §1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guidelines upon which to rely in calculating mental anguish damage awards.

### SEVENTEENTH DEFENSE

Said defendant reserves the right to amend and/or supplement its Answer should discovery reveal new or other available defenses.

/s/Todd N. Hamilton
Todd N. Hamilton (HAM041)

/s/Robert B. Stewart
Robert B. Stewart (STE124)
Attorneys for Defendant, Vanna's Food Management, Inc., d/b/a Huddle House

**OF COUNSEL:**

**SMITH, SPIRES & PEDDY, P.C.**
2015 Second Avenue North; Suite 200
Birmingham, Alabama 35203

(205) 251-5885
(205) 251-8642 facsimile

## CERTIFICATE OF SERVICE

     I hereby certify that on the 30th day of October, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

S. Sanford Holliday
Post Office Box 727
Roanoke, Alabama 36274

James H. Starnes, Esquire
P. O. Box 590003
Birmingham, Alabama 35203


          /s/Robert B. Stewart
          Of Counsel